UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ADOLFO MENDEZ-NOUEL,  :
:
                     Plaintiff,  :
: 25-CV-05439 (JAV)
   -v-  :
: MEMORANDUM
MICHELLE RODRIGUEZ, et al.,  : OPINION AND ORDER
:
                     Defendants.  :
-----------------------------------------------------------------------
                                                                             X

JEANNETTE A. VARGAS, United States District Judge:

    The Court raises the issue, *sua sponte*, of judicial immunity for Defendant Judge Michael L. Katz. Having reviewed the Complaint in this matter, the Court determines that the claims against Judge Katz should be dismissed with prejudice based on absolute judicial immunity.

    On July 1, 2025, Plaintiff brought this suit, *pro se*, against Defendants Michelle Rodriguez, Margaret Donohoe, Paul Talbert, Lisa Gardner, John Doe, Jane Doe, and Judge Katz. ECF No. 1 ("Compl."). The suit arises from an ongoing divorce and custody case over which Judge Katz is presiding in the Supreme Court of the State of New York, County of New York. *Id.* ¶ 12. Plaintiff claims that the Defendants involved in the proceedings, including Judge Katz, engaged in misconduct that resulted in prolonged separation from his children, career and reputational damages, denial of due process, threats to his safety, and mental health issues. *Id.* ¶¶ 16, 22. With respect to Judge Katz, Plaintiff alleges that he relied upon sealed and defamatory documents in reaching judicial rulings, refused

to rule on motions, made "threats" in open court, and disregarded proper judicial procedure. *Id.* ¶ 26. Plaintiff seeks an injunction preventing Judge Katz from "presiding over any future proceedings involving Plaintiff" and an order "unsealing all sealed documents referenced or relied upon in the Family Court proceedings." *Id.* ¶ 32. Plaintiff also seeks compensatory and punitive damages against all Defendants, including Judge Katz, for alleged violation of his rights under 42 U.S.C. § 1985 and 42 U.S.C. § 1983. *Id.* ¶¶ 24-39; 70-83; 84-91; 92-96. Plaintiff is also suing all Defendants for Intentional Infliction of Emotional Distress. *Id.* ¶¶ 55-61.

The Court has the inherent authority to dismiss frivolous claims, *sua sponte*, even if the filing fee has been paid. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Although *pro se* litigants are afforded "special solicitude," and their claims must be "construed liberally and interpreted to raise the strongest arguments that they suggest," notice and opportunity to be heard before dismissal is not owed to plaintiffs when it is "'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction." *Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999)) (internal quotations omitted).

A review of the Complaint in this case makes "unmistakably clear" that Judge Katz is protected by absolute judicial immunity. *Id.* (affirming *sua sponte* dismissal of complaint without notice on grounds of absolute judicial immunity). Judges possess absolute immunity from personal liability when they are acting within the scope of their judicial jurisdiction. *See Young v. Selsky*, 41 F.3d 47, 51

2

(2d Cir. 1994) (citing *Pierson v. Ray,* 386 U.S. 547, 554 (1967)). Similarly, judges are also immune from injunctive relief "unless a declaratory decree was violated or declaratory relief was unavailable." *Tewari*, 2024 WL 177445 at *1 (quoting 42 U.S.C. § 1983). The scope of a judge's jurisdiction when determining judicial immunity must be "construed broadly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (cleaned up). Thus, even erroneous acts, bad faith, and malice are not enough to overcome judicial immunity. *Tewari*, 2024 WL 177445 at *1.

      Plaintiff is suing Judge Katz for his role in presiding over Plaintiff's divorce and custody proceedings. Plaintiff claims that Judge Katz threatened him when he allegedly said "this case could go against [Plaintiff]." Compl. at 82. Furthermore, Plaintiff alleges that Judge Katz failed to rule on subpoenas, failed to rule on spousal support issues, and engaged in communication with friends of Defendant Hernandez. *Id.* These allegations all concern actions Judge Katz took within the scope of his judicial jurisdiction. Despite Plaintiff's accusations of erroneous and bad faith actions, Judge Katz's jurisdiction must be "construed broadly": anything concerning Judge Katz's actions and rulings during the proceedings are protected by absolute judicial immunity.

3

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Judge Katz are hereby dismissed with prejudice.

SO ORDERED.

Dated: July 25, 2025
      New York, New York

                                              JEANNETTE A. VARGAS
                                              United States District Judge

4